UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SAMMY ORTIZ,

                                  Plaintiff,

                                                                      DECISION AND ORDER

                                                                      05-CV-6486L

                        v.

SHAWN KERBEIN, et al.,

                                Defendants.
_____

      Plaintiff, Sammy Ortiz, appearing *pro se*, commenced this action under 42 U.S.C. § 1983 in September 2005, at which time he was an inmate in the custody of the New York State Department of Correctional Services ("DOCS").[1] The complaint alleges that defendants, who at all relevant times were employed by DOCS, violated plaintiff's constitutional rights in several respects in connection with an incident that occurred at Southport Correctional Facility on December 23, 2003, in which plaintiff alleges he was assaulted by defendants during a disciplinary hearing. Defendants have moved to dismiss the complaint.

---

[1] In February 2006, plaintiff advised the Court that he now resides in Bronx, New York. The DOCS Inmate Lookup Service, http://nysdocslookup.docs.state.ny.us, indicates that plaintiff was released from custody that month.

## DISCUSSION

**I. Plaintiff's Failure to Sign the Complaint**

At his deposition, plaintiff testified that not only had his complaint been prepared by an inmate "jailhouse lawyer," but that the other inmate had also signed plaintiff's name on the complaint. Dkt. #23 Ex. A at 36. Although the complaint was notarized, plaintiff stated, "It's jail, ... you know how it is. They really don't care. They come sign everything, you know." *Id.* at 37.

When asked if the complaint was accurate, plaintiff replied, "My complaint, yeah. It ain't going to be a hundred percent accurate, ... you know ... ." *Id.* Plaintiff then indicated that one sentence in the complaint concerning the manner in which he fell to the floor during the incident was slightly inaccurate, or at least poorly worded. When asked if "the rest of the document [was] accurate," plaintiff responded, "Yes, sir." *Id.* at 40.

Subsequent to the deposition, defense counsel sent plaintiff a letter stating, "Pursuant to Federal Rules of Civil Procedure Rule 11 I am advising that since you never signed your complaint this document may be stricken unless promptly corrected." Dkt. #23 Ex. B. Plaintiff did not respond, nor has he submitted a copy of the complaint signed by him. Defendants contend that the Court should therefore strike and dismiss the complaint because it has not been signed by plaintiff.

Rule 11(a) provides that "[e]very pleading ... shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed *by the party*." (Emphasis added.) In *Becker v. Montgomery*, 532 U.S. 757, 764 (2001), the Supreme Court held that a typewritten signature does not satisfy this requirement. The Court noted, however, that "the rule goes on to provide in its final sentence that 'omission of the signature' may be 'corrected promptly after being called to the attention of the attorney or party,'" and that

"[c]orrection can be made ... by signing the paper on file or by submitting a duplicate that contains the signature." *Id.* (quoting Fed. R. Civ. P. 11(a) and Advisory Committee's Notes on Fed. R. Civ. P. 11, 28 U.S.C.App., at 666).

Accordingly, the Court denies defendants' motion to dismiss on this ground, and directs plaintiff to submit to the Court for filing a copy of the complaint *signed by him*, as set forth in the Conclusion of this Decision and Order. If plaintiff fails to do so, his complaint is subject to dismissal. *See Johnson v. SC Dep't of Corrections*, No. 3:06-1293, 2006 WL 3791363, at *1 (D.S.C. Dec. 22, 2006) (stating that defendants had moved to dismiss because plaintiff had not signed the complaint, that court had directed plaintiff to submit a signed copy of the complaint, and that plaintiff had since done so); *Jenkins v. Sladkus*, 226 F.R.D. 206, 207 (S.D.N.Y. 2005) (where plaintiff refused to comply with court's directive to sign papers that she had submitted bearing a rubber-stamped facsimile of a signature, papers would be stricken, and clerk directed not to accept future papers from plaintiff unless they were properly signed).

**II. Plaintiff's Failure to Name Defendant Comfort in his Inmate Grievance**

Defendant Scott Comfort moves to dismiss plaintiff's claims against him on the ground that plaintiff has not exhausted his administrative remedies as to those claims, as required by the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a). The PLRA provides in part that "[n]o action shall be brought with respect to prison conditions under [§ 1983] by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion of administrative remedies is thus a prerequisite to an inmate's § 1983 action arising out of prison conditions or events. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

The basis for Comfort's motion is that plaintiff failed to name Comfort in plaintiff's administrative grievance. Although the record before me does not appear to contain a copy of the grievance, at his deposition plaintiff agreed that he had not "put anything in the [grievance] about Scott Comfort," and that he had not alleged anything about anyone other than defendants Kerbein and Vandergrift. Dkt. #23 Ex. A at 60. Plaintiff stated that he added Comfort in this lawsuit after he "looked up a couple of cases" about "use of force and officers stared there [sic] looking without doing nothing." *Id.* at 61.

Comfort's motion is denied. The Second Circuit has held that "if prison regulations do not prescribe any particular content for inmate grievances, 'a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. As in a notice pleading system, the grievant need not lay out the facts, articulate legal theories, or demand particular relief. All the grievance need do is object intelligibly to some asserted shortcoming.'" *Johnson v. Testman*, 380 F.3d 691, 697 ($2^d$ Cir. 2004) (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)); *see also Johnson v. Johnson*, 385 F.3d 503 (5th Cir. 2004) ("the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued").

In the case at bar, the state regulations concerning inmate grievances provide that "in addition to the grievant's name, department identification number, housing unit, program assignment, etc., the grievance should contain a concise, specific description of the problem and the action requested and indicate what actions the grievant has taken to resolve the complaint, *i.e.*, specific persons/areas contacted and responses received." 7 NYCRR § 701.5(a)(2) (emphasis added). Thus, the regulations require the grievance to contain the grievant's name and other identifying information, and to identify specific persons contacted about the subject of the grievance,

but do not expressly require the grievant to name the other individuals involved in the incident or conditions giving rise to the grievance.

In addition, the record in this case makes clear that the DOCS officials who investigated plaintiff's grievance were aware of Comfort's alleged role in the December 23 incident. Comfort himself submitted a statement setting forth his account of what happened that day, Dkt. #1-3 at 13, and he was also named as having been present during the incident in the inmate misbehavior report issued to plaintiff, *id.* at 2, and in the use of force report, *id.* at 4, 5. Since this matter involved one, continuous, discrete incident of relatively short duration, I find that plaintiff's failure to mention Comfort by name in his grievance does not render his claim against Comfort unexhausted. *See Brownell v. Krom*, 446 F.3d 305, 311 n.1 ($2^d$ Cir. 2006) (finding it unnecessary to "confront the abstract question" of when individual defendants must have been named in an inmate grievance to render a § 1983 claim exhausted, since on the facts of that case "such naming was not necessary in this case to give prison officials notice sufficient to resolve Brownell's grievance").

### CONCLUSION

Defendants' motion to dismiss the complaint (Dkt. #22) is denied without prejudice.

Plaintiff is directed to file with the Court a copy of the complaint bearing his own, original signature within fifteen (15) days of the date of issuance of this Decision and Order. **If plaintiff fails to do so, the complaint may be stricken, and plaintiff's action may be dismissed.**

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
April 4, 2007.